IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANK K.C. HERTEL, SR.,

      Petitioner,

v.

STATE OF OHIO,

      Respondent.

CASE NO. 2:16-CV-00435
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Motion to Dismiss*, Petitioner's *Response in Opposition*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 10) be **GRANTED** and that this action be **DISMISSED.**

### Facts and Procedural History

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> While living in Ohio, rape allegations were made against Appellant which apparently prompted him to move to Arizona. Appellant was indicted for his Ohio conduct in 2000. He was subsequently indicted for sexual conduct with a child in Arizona. Facing charges in two states, Appellant fled to Germany. Appellant was tried in absentia in Arizona resulting in a conviction. Eventually, Appellant was extradited back to the United States to face the Ohio charges. Appellant first pled guilty to the charges but was allowed to withdraw his plea. After the plea was withdrawn, the State then in 2014 re-indicted Appellant on the same charges except the 2014 indictment includes force specifications. After plea negotiations, Appellant pled guilty to the 2000 indictment with the State agreeing to dismiss the 2014 case. It is from the 2000 case number, conviction, and sentence that Appellant has appealed.

*State v. Hertel*, No. 14CAA-04-0019, 2015 WL 1403147, at *2 (Ohio App. 5th Dist. March 26, 2015).

> This appeal stems from Appellant's conviction and sentence for three counts of rape and two counts of gross sexual imposition. Appellant entered guilty pleas to these counts and was sentenced to five to twenty-five years on each rape count and two to ten years on each gross sexual imposition count. All sentences were ordered to be served consecutive to one another, but concurrent with a sentence Appellant received for sexual conduct with a minor in Arizona.
>
> Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error. Appellant filed a pro se brief alleging several additional Assignments of Error.
>
> \*\*\*
>
> Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738. Both counsel and Appellant have raised potential assignments of error as follows:
>
> POTENTIAL ASSIGNMENTS OF ERROR FROM COUNSEL
>
> I."THE TRIAL COURT ERRED BY NOT GRANTING THE DEFENDANT–APPELLANT'S MOTION TO DISMISS FOR A SPEEDY TRIAL VIOLATION ."
>
> II."THE DEFENDANT WAS [NOT] AFFORDED EFFECTIVE ASSISTANCE AT THE TRIAL LEVEL."
>
> POTENTIAL ASSIGNMENTS OF ERROR FROM APPELLANT, PRO SE
>
> III."DEFENDANT'S CONVICTION AND SENTENCE ARE CONTRARY TO LAW, DUE TO A DUE PROCESS VIOLATION, WHEN THE HONORABLE JUDGE KRUEGER ABUSED HIS DISCRETION BY NOT GRANTING A STATUTORY SPEEDY TRIAL VIOLATION IN CASE NO. 14CRI010021 BEFORE CONVICTING DEFENDANT IN CASE 00CRI11361 LESS THAN A WEEK LATER."

IV. "DEFENDANT WAS DEPRIVED OF HIS CONSTITIONIONAL RIGHT TO A SPEEDY TRIAL PER THE OHIO CONSTITUTION AND THE 6TH AND 14TH TIMELY COMMENCEMENT OF PROSECUTION WHEN THE HONORABLE JUDGE KRUEGER DENIED DEFENDANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS OF 7/15/13 AND 2/28/14 IN CASE 00CRI11361."

V. "DEFENDANT'S CONVICTION AND SENTENCE ARE CONTRARY TO LAW DUE TO A DUE PROCESS VIOLATION WHEN THE HONORABLE JUDGE KRUEGER ABUSED HIS DISCRETION BY NOT GRANTING A CONSTITUTIONAL SPEEDY TRIAL VIOLATION IN CASE 14CRI010021 ON 2/28/14 BEFORE CONVICTING DEFENDANT ON IDENTICAL CHARGES IN CASE 00CRI11361 ON 3/4/14."

VI. "DEFENDANT'S CONVICTION AND SENTENCE ARE CONTRARY TO LAW. DEFENDANT WAS DENIED DUE PROCESS RIGHTS GUARANTEED UNDER THE OHIO CONSTUTUTION AS WELL AS THE 5TH AND 14TH AMENDMENT OF THE U.S. CONSTUTUTION DUE TO THE PROSECUTIONS AND TRIAL COURTS NON–ADHERANCE TO THE FEDERAL LAW PROVISIONS OF THE INTERSTATE AGREEMENT ON DETAINERS, O.R.C. § 2963.30, WHEN CASE 14CRI010021 WAS DISMISSED WITHOUT PREJUDICE IN VIOLATION OF ARTICLE III(d) OF R.C. 2963.30, WHICH STIPLIATES THAT IT SHALL BE DISMISSED WITH PREJUDICE. AS BOTH 00CRI11361 AND 14CRI010021 ARE BASED ON THE SAME CONDUCT AND CONTAIN IDENTICAL CHARGES, IF 14CRI010021 WOULD HAVE BEEN PROPERLY DISMISSED WITH PREJUDICE DURING THE HEARING ON MARCH 18, 2014 FROM WHICH BOTH DEFENDANT AND COUNSEL WERE ILLEGALLY EXCLUDED, THEN THE PREVIOUS CONVICTION AND SENTENCE IMPOSED ON 3/4/14 IN CASE 00CRI11361 MUST BE OVERTURNED AND ALSO DISMISSED WITH PREJUDICE."

VII. "THE SENTENCE AS IMPOSED BY TRIAL COURT IS CONTRARY TO LAW PER O.R.C. 2929.41 AND APPEALABLE UNDER O.R.C. 2953008(A)(4)."

3

*Id*. at *1-2. On March 26, 2015, the appellate court affirmed the judgment of the trial court.[1] *Id.* On September 15, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hertel*, 143 Ohio St.3d 1466 (Ohio 2015).

Meanwhile, on August 18, 2014, Petitioner filed a *pro se* motion to vacate the trial court's March 18, 2014 order of dismissal of the 2014 Indictment filed against him in Case Number 14CR-01-0021, requesting a dismissal of that case "with prejudice." (ECF No. 10-1, PageID# 667.) On September 3, 2014, the trial court denied Petitioner's motion, noting that the dismissal constituted a final appealable order, and that Petitioner had failed to file an appeal. (PageID# 687.) On September 24, 2014, Petitioner filed a motion for a delayed appeal. (PageID# 693.) On October 17, 2014, the appellate court denied Petitioner's motion for delayed appeal. (PageID# 709.) On November 25, 2014, the appellate court denied Petitioner's motion for reconsideration. (PageID# 726.) On April 29, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (PageID# 770.) On January 5, 2015, Petitioner filed an application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). (PageID# 771.) On January 20, 2015, the appellate court denied Petitioner's Rule 26(B) application. (PageID# 786.) On May 20, 2015, the Ohio Supreme court declined to accept jurisdiction of the appeal. (PageID# 824.) On June 22, 2015, Petitioner filed a second application for reopening of the appeal. (PageID# 825.) On October 13, 2015, the appellate court denied Petitioner's second Rule 26(B) application. (PageID# 884.) On February 10, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (PageID# 920.)

Thus, Petitioner is currently incarcerated in ASPC Kingman/Huachuca, an Arizona correctional facility, pursuant to a 20 year definite prison sentence for sexual conduct with a

---

[1] The appellate court remanded the case to the trial court for issuance of a *nunc pro tunc* entry correcting an apparent clerical error. *State v. Hertel*, 2015 WL 1403147, at *3.

minor under the age of 15.  He is simultaneously serving his 2014 Ohio sentence for rape and gross sexual imposition imposed by the Delaware County Court of Common Pleas pursuant to his guilty plea.

On May 16, 2016, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts that he was denied the effective assistance of appellate counsel, because his attorney failed to file a timely appeal in regard to the trial court's dismissal of the 2014 Indictment in Case Number 14-CRI-01-0021 (claim one); that he was denied his rights under the Interstate Agreement on Detainers Act (claim two); that the state courts improperly denied him transcripts of proceedings in regard to the dismissal of charges in Case Number 14-CRI-01-0021 (claim three); and that he has "suffered prejudice" from the dismissal of Case Number 14-CRI-0021 (claim four).  It is the position of the Respondent that this action must be dismissed because Petitioner is not "in custody" under the conviction he challenges, as required under 28 U.S.C. § 2254(a).

## In Custody Requirement

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*Id*.  The writ, traditionally, has been available when the petitioner is in custody or threatened with custody and the detention is related to a claimed constitutional violation. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court analyzed the scope of the applicability of the writ of habeas corpus, stating:

> It is clear, not only from the language of . . . § 2254(a), but also from the common-law history of the writ, that the essence of

5

> habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody. 411 U.S. at 484.

*Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986). Custody is not limited to physical custody in a prison environment; it includes "conditions which significantly confine and restrain [a petitioner's] freedom. . . ." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 F. App'x 188, 2002 WL 31828191, at *1 (6th Cir. Dec.13, 2002) (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Maleng v. Cook,* 488 U.S. 488, 492–93 (1989). Further, "[t]he person seeking relief must satisfy the 'in custody' requirement with respect to whatever judgment or process of the state court he or she seeks to have declared constitutionally infirm." *Marshall v. Warden, Pickaway Corr. Inst.,* No. 2P15-cv-2775, 2016 WL 4539406, at *1 (S.D. Ohio Aug. 31, 2016) (Petitioner not in custody so as to warrant federal habeas corpus review on warrants under attack where no detainer had been filed).

In this case, all of Petitioner's grounds for relief relate to the 2014 indictment which the trial court dismissed in Case No.14CRI-01-0021. Specifically, in ground one, he argues that he was denied the effective assistance of counsel in his appeal in Case No. 14CRI-01-0021. In ground two, he maintains that his right to a speedy trial under the Interstate Agreement on

6

Detainers ("IAD") was violated when he was not timely tried on the 2014 indictment.  In ground three, he asserts that he was denied transcripts of hearings related to the 2014 case.  Finally, in ground four he argues that he was prejudiced by the state's failure to follow the requirements of the IAD in Case No. 14CRI-01-0021, by the lack of a timely appeal in that case, and by the allegedly unconstitutional dismissal of the 2014 indictment.

Although Petitioner is currently incarcerated, he is not seeking relief from the conviction or sentence upon which his confinement is based. Put another way, Peitioner is not attacking the March 3, 2014 conviction for rape and gross sexual imposition or the March 5, 2014 sentence that he is currently serving for those crimes.  Instead he is challenging the proceedings related to an indictment which was dismissed before he filed the instant habeas petition.  The mere issuance of an indictment does not meet the "in custody" requirement.  *Howard v. Warden*, 776 F.3d 772, 776 (11th Cir. 2015) (holding that a "dead-docketed" Georgia indictment, without a conviction or a detainer, does not satisfy "in custody" requirement for purposes of habeas corpus, where "[n]othing in the record evidences that the state is exercising ongoing control over Mr. Howard based on that indictment").

Here, Petitioner presents lengthy arguments regarding the constitutionality of the trial court's dismissal of the 2014 charges against him "without prejudice."  Yet, Petitioner is attacking the March 18, 2014 judgment dismissing the second indictment. That judgment did not subject him to incarceration or any other restraint on his liberty.  Habeas corpus, therefore, is not an appropriate remedy in this case.  Petitioner is not 'in custody" under those charges.  His arguments do not otherwise present any federal constitutional claim regarding the constitutionality of his convictions and sentence pursuant to his guilty plea on the charges filed in 2000.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that that Respondent's *Motion to Dismiss* (ECF No. 10) be **GRANTED** and that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge
