**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

FRANK K.C. HERTEL, SR.,

    Petitioner,

    v.

STATE OF OHIO,

    Respondent.

CASE NO. 2:16-CV-00435
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On February 16, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (ECF No. 10) be granted and that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 14.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 15.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 15) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 10) is **GRANTED**. This action is hereby **DISMISSED.**

Petitioner is currently incarcerated in ASPC Kingman/Huachuca, an Arizona correctional facility, pursuant to a 20 year definite sentence for sexual conduct with a minor under the age of 15. He is simultaneously serving his sentence on his convictions pursuant to his 2014 guilty plea in the Delaware County Court of Common Pleas in Case Number 00CRI-11-361, on three counts of rape and two counts of gross sexual imposition on charges related to his minor child. On March 5, 2014, the trial court sentenced Petitioner in that case to five to twenty-five years on each count of rape, and to two to ten years on each count of gross sexual imposition, all such

sentences to run consecutively to each other, but concurrently to his Arizona sentence. *See State v. Hertel*, No. 14CAA-04-0019, 2015 WL 1403147, at *1 (Ohio App. 5th Dist. March 26, 2015). Petitioner, however, challenges the state court's dismissal of charges filed against him in 2014, in Case Number 14CRI-01-0021. Petitioner asserts that he was denied the effective assistance of appellate counsel, because his attorney failed to file a timely appeal in regard to the trial court's dismissal of the 2014 Indictment in Case Number 14-CRI-01-0021 (claim one); that he was denied his rights under the Interstate Agreement on Detainers Act (claim two); that the state courts improperly denied him transcripts of proceedings in regard to the dismissal of charges in Case Number 14-CRI-01-0021 (claim three); and that he has "suffered prejudice" from the dismissal of Case Number 14-CRI-01-0021 (claim four). The Magistrate Judge recommended dismissal of this action based on Petitioner's failure to meet the requirement that he be "in custody" under the conviction challenged, as required under 28 U.S.C. § 2254(a). Petitioner objects to the Magistrate Judge's recommendation.

Petitioner argues that his challenges to the 2014 case, if successful, would result in the dismissal of charges against him on the 2000 Indictment, under which he currently remains incarcerated. Petitioner indicates that his claim under the Interstate Agreement on Detainers Act applies to the charges filed in both cases. He further contends that his attorney's failure to file a timely appeal in Case Number 14-CRI-01-0021 created an "incomplete record" for his appeal in Case Number 00-CRI-361, and that therefore, this Court has jurisdiction to consider his claims. *Objection* (ECF No. 15, PageID# 1078.) Petitioner argues at length that the dismissal of charges in the 2014 case permitted his improper convictions on the charges filed in 2000.

Although Petitioner now attempts to couch his arguments in terms of the 2000 charges under which he stands convicted, his claims plainly relate to what he contends amounted to the

improper dismissal of the 2014 Indictment. However, federal habeas corpus does not provide Petitioner relief for his challenges to the dismissal of charges under which he has never been subject to incarceration or any other restraint on his liberty. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). If Petitioner seeks to obtain federal habeas corpus review of the constitutionality of the convictions under which he currently stands incarcerated, he must do so by challenging his underlying convictions on the charges alleged in the 2000 indictment, not the dismissal of charges subsequently filed against him in 2014.

For these reasons and for the reasons addressed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 15) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 10) is **GRANTED**. This action is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

Date: May 5, 2017

                                                    s/James L. Graham
                                                    JAMES L. GRAHAM
                                                    United States District Judge